

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SD:ABK
F.#2011R00560

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 22, 2015

<u>By Hand and ECF</u>

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Roberto Camacho
     <u>Criminal Docket No. 12-290 (S-1) (ENV)</u>

Dear Judge Vitaliano:

  This letter is respectfully submitted in anticipation of the defendant's sentencing scheduled for June 25, 2015 at 11:00 a.m.

  I. <u>Background</u>

  The government agrees with the facts as set forth in the Presentence Investigation Report ("PSR"). On or about June 20, 2011, an undercover law enforcement agent ("UC") met with the defendant, who was an associate of a major narcotics drug trafficker named Juan Oliva.[1] (PSR ¶ 5.) During the meeting, which took place at a mini market in Queens where the defendant was employed, the defendant and the agent discussed a potential narcotics transaction and the price. (<u>Id.</u> ¶ 6.) The defendant facilitated the transaction of one kilogram of heroin between the UC and Oliva by introducing them. (<u>See id.</u> ¶¶ 4, 15, 23.) Specifically, the defendant met the UC, who indicated, in sum and substance, that he had access to heroin and the defendant in turn called Oliva and advised that "I have a man here who wants to talk to you." Oliva later arrived at the mini market and met with the UC.

  The defendant was arrested on August 5, 2012. (<u>Id.</u> ¶ 15.) During a post-arrest interview, the defendant admitted that he knew Oliva was involved in the drug

---

[1] Oliva is scheduled to be sentenced on August 21, 2015 before this Court.

business and that he knowingly introduced drug suppliers to Oliva. (Id.) The defendant further stated that he did not expect any compensation for his role. (Id.)

II. Guidelines Calculation

The government sets forth the following United States Sentencing Guidelines ("U.S.S.G.") calculation, which is consistent with the range set forth in the plea agreement:

| | | |
|---|---|---:|
| | Base Offense Level (§ 2D1.1(a)(5)) | 30 |
| Less: | Minimal Role (§ 3B1.2(a)) | -4 |
| Less: | Satisfaction of "safety value" criteria (§§ 2D1.1(b)(17) and 5C1.2(1)-(5)) | -2 |
| Less: | Acceptance of Responsibility (§ 3E1.1(a) and (b)) | <u>-3</u> |
| Total: | | <u>21</u> |

The defendant's total offense level is 21 and, based on a criminal history category of I, his Guidelines range of imprisonment is 37 to 46 months.[2]

III. Legal Analysis

In the Supreme Court's opinion in United States v. Booker, 125 S. Ct. 738, 743 (2005), which held that the Guidelines are advisory not mandatory, the Court made clear that district courts are still "require[d] . . . to consider Guidelines ranges" in determining a sentence, but also may tailor the sentence in light of other statutory concerns. See 18 U.S.C. § 3553(a). Subsequent to Booker, the Second Circuit held that

---

[2] The Probation Department has declined to find that the defendant was a minimal participant. As estimated in the plea agreement, the government maintains that a minimal role adjustment is warranted here. Compare United States v. Lopez, 937 F.2d 716, 727 (2d Cir. 1991) (affirming denial of "minimal" role adjustment, but allowing for a "minor" role adjustment, where a defendant knew of the larger conspiracy plan, traveled to assist with the transaction, and expected a large payment in return); Rodriguez v. United States, 1992 U.S. Dist. LEXIS 10740, at *7 (S.D.N.Y. July 20, 1992) (denying a reduction for minimal participation when the defendant was "present when the deal for the delivery of two kilograms of cocaine took place, and where he acted as a lookout and bodyguard for [another distributor]").

"sentencing judges remain under a duty with respect to the Guidelines . . . to 'consider' them, along with the other factors listed in section 3553(a)." United States v. Crosby, 397 F.3d 103, 111 (2d Cir. 2005).

In Gall v. United States, 128 S. Ct. 586 (2007), the Supreme Court elucidated the proper procedure and order of consideration for sentencing courts to follow: "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall, 128 S. Ct. at 596 (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the district court] may not presume that the Guidelines range is reasonable. [It] must make an individualized assessment based on the facts presented." Id. at 596-97 (citation and footnote omitted).

Here, the defendant steered an undercover law enforcement agent posing as a drug trafficker to Oliva. Although the defendant was not otherwise involved in the drug transaction — for example, by acting as a lookout or bodyguard — he played a role by arranging the meeting. The defendant's punishment should therefore reflect the seriousness of his criminal conduct and promote respect for the law. See 18 U.S.C. § 3553(a)(2)(A). Moreover, a sentence should specifically deter the defendant from engaging in similar criminal conduct in the future, as well as provide general deterrence to others contemplating similar acts. See 18 U.S.C. § 3553(a)(6)). Consistent with the plea agreement, the government takes no position as to where within the Guidelines range the defendant's sentence should fall.

IV. Conclusion

Accordingly, the Court should impose a sentence that is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

KELLY T. CURRIE
Acting United States Attorney

By: /s/
Ameet B. Kabrawala
Assistant U.S. Attorney
(718) 254-6001

cc: Zoe Dolan, Esq. (by email)

3